Hillsborough, }
Nov. 4, 1919. }

### JOHN PAQUETTE *v.* CONNECTICUT VALLEY LUMBER CO.

Whether the danger incident to heavily striking with a sledge a wooden wedge used in felling a tree was assumed by a youthful and inexperienced servant and whether the master should have warned him of the danger were properly submitted to the jury.

The testimony of a witness that he would have told a servant so using such a wedge "to take his axe and hit it light" is admissible as an expression of opinion.

The usual test to determine the admissibility of opinion evidence is not whether the matter is for the jury or is open to common observation, but whether the witness' knowledge will aid in the search for the truth.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The evidence tends to prove that the defendants employed the plaintiff when he was nineteen years old to fell timber, and furnished him a sledge, a saw, and an axe. After he had worked two weeks, he encountered a large tree and applied to McDonald, the man in charge of the work, for a wedge to throw it down. McDonald told him there were no iron wedges, and gave him one made from a dry spruce limb. He inserted the point of the wedge in the saw scarf and began to drive it with the sledge, and on the second blow a piece of wood struck him in the eye and caused the injury complained of. The plaintiff had never felled a large tree or used a spruce wedge for any purpose before he was injured. Transferred by *Branch*, J., from the September term, 1918, of the superior court, on the defendants' exceptions to the denial of their motion for a directed verdict and to the admission of evidence.

*Cyprien J. Belanger* and *Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the plaintiff.

*Doyle & Lucier* and *Edmund Sullivan* (*Mr. Lucier* orally), for the defendants.

Young, J. The plaintiff's testimony that, when he struck the second blow, a piece of wood struck him in the eye, taken in connection with the expert's testimony that a heavy blow is liable to shatter a dry spruce wedge, warrants the finding that the splinter which injured the plaintiff came from the wedge; for it is improbable that the splinter came from either the steel sledge or the live tree, and it must have come from one of those three sources.

It can be found from McDonald's own testimony that he was in charge of the defendants' logging operations at the place where the accident happened, consequently it can be found that they furnished the plaintiff with the wedge, and expected him to use it as he was using it when he was injured, for he testified that when McDonald gave him the wedge in question, he (McDonald) said there were no iron wedges.

This answers the defendants' contention that the act of McDonald in procuring the wedge was the act of a fellow-servant. The plaintiff bases his cause of action on the defendants' failure to instruct him of the dangers incident to the use of the wedge. An employer's duty in this respect is said to be to notify his employees of the dangers incident to the use of his instrumentalities, of which he either knows or ought to know, and which they neither know nor are in fault for not knowing. The test therefore to determine whether the defendants were in fault, is the same as that to determine whether he assumed the risk of his injury, for an employee is said to assume the risk of an injury caused by defects in his employer's instrumentalities, of which he either knows or is in fault for not knowing.

It can be found that the danger incident to striking a spruce wedge a heavy blow when using it to throw down a large tree, was one of which the defendants knew or were in fault for not knowing, consequently the test to determine whether they were in fault as well as whether the plaintiff assumed the risk of his injury, is to inquire whether it can be found that the plaintiff neither knew nor was in fault for not knowing of the danger.

The plaintiff testified that he did not know of this danger, and it cannot be said he was in fault for not knowing it for it can be found that he had never used such a wedge before he was injured and the effect of a heavy blow on a dry spruce wedge when used to throw down a large tree is not a matter of common knowledge. It is unnecessary to consider the defendants' contention that it cannot be found they were in fault for not notifying the plaintiff of the danger incident to using this wedge because he represented that he was an

experienced chopper when he applied to them for work, for he denies that he made such a representation.

A witness called by the plaintiff was permitted to testify that if he had furnished the plaintiff such a wedge to use to throw down large trees he would have told him "to take his axe and hit it light." Permitting him to testify as to what he would have done was but another way of permitting him to testify that in his opinion it is dangerous to strike a dry spruce wedge a heavy blow, when it is being used to throw down a large tree.

The question therefore raised by this exception is whether it can be found that the witness' knowledge of the effect of a heavy blow on such a wedge was so far superior to that of the jurors that his opinion might aid them in their search for the truth. *Davis* v. *Railroad*, 75 N. H. 467, 470, and that there was such evidence is not open to question.

In other words, the test usually applied in this state to determine the admissibility of opinion evidence is not to inquire whether the issue to which it relates is for the jury, 3 Wig. Ev., ss. 1920–1922, nor whether it is a "matter of daily occurrence and open to common observation," *Hardy* v. *Merrill*, 56 N. H. 227, 241, but whether the witness' knowledge of the matter in question will probably aid the triers in their search for the truth.

*Exceptions overruled.*

All concurred.