Hillsborough,
Feb. 5, 1935.

## CHARLES B. CHRISTIE

*v.*

## NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

## EARLE MARTIN *v.* SAME.

*Doyle & Doyle* and *Robert E. Earley* (*Mr. Earley* orally), for the plaintiffs.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Demond* orally), for the defendant.

MARBLE, J. Six men, all employees of the defendant, were riding in the truck. Their foreman testified that it was his duty to investigate all accidents in which the members of his crew were involved and to make a report to the defendant; that he made an investigation of this particular accident immediately and found that the wheel tracks of the truck were on the right-hand side of the road. A further investigation was made a few days later by a supervising foreman, who took photographs and drew a plan of the road and surrounding territory.

In the course of his argument to the jury counsel for the plaintiffs said, subject to exception, "In determining which one of these stories is more probably true than the other, remember this: that the New England Telephone Company after this accident had men get out in the highway and . . . pay particular attention as to which side of the road that truck was on at the time of the accident. Why? — that within about ten days after that, as far as the evidence in this case goes, there has never been a demand or any insinuation from my client that he was going to bring suit,—within ten days after the accident the New England Telephone Company saw fit to send . . . the supervisor . . . up to Errol and take pictures of this scene of accident. That in itself, Mr. Foreman and Gentlemen, has a big bearing as to which one of these parties' stories are more probably true than otherwise."

This argument was improper. In effect counsel asked the jury to find that the investigation of the accident before suit had been brought or a demand made evinced a consciousness of culpability on the defendant's part. Such an inference was unwarranted. In the view most favorable to the plaintiffs, the defendant's conduct in undertaking the investigation was merely equivocal. That conduct may have been impelled by the defendant's rule, or it may have been actuated by a desire to establish the plaintiffs' negligence or to prove that the driver of the truck was in the exercise of due care. In no event could it have the "big bearing" claimed.

But even if the construction the jury were asked to place upon the evidence were "theoretically not plainly improper" (1 Wig. Ev., (2d ed.), s. 283), a rule of policy not unlike that which governs the exclusion of evidence concerning subsequent repairs (*Smith* v. *Company*, 83 N. H. 439, 451) should be invoked in support of the defendant's contention. Persons are loath to take precautions which may be used as evidence against them (see *Aldrich* v. *Railroad*, 67 N. H. 250, 253; 1 Wig. Ev. (2d *ed.*), s. 283), and to permit an inference of fault to be drawn from an endeavor to discover facts would tend to defeat rather than to promote the ascertainment of truth, which is the object of all trials (*Taylor* v. *Thomas*, 77 N. H. 410, 411; *Mason* v. *Railway*, 79 N. H. 300, 305).

It is true that an argument urging the jury to draw an inference not warranted by the evidence furnishes no ground for setting aside the verdict unless the improper argument is expressly or impliedly sanctioned by the court. *Tuttle* v. *Dodge*, 80 N. H. 304, 314. But the court in the present instance "noted" the defendant's exception

and permitted the argument to stand with no suggestion that it be withdrawn and without corrective instructions. This constituted an endorsement of the remarks objected to. *Salvas* v. *Cantin*, 85 N. H. 489, 491.

The other exceptions have been considered, since the evidence to which they relate may be offered at another trial.

Elmer L. Wilson, who was riding in the rear of the truck, testified that he did not hear any motor horn within a short time previous to the accident. He was then asked if he was in a position in the truck so that he could have heard a horn if one had been sounded. The presiding justice excluded the answer with the inquiry, "Isn't that a matter of judgment for the jury?" Opinion evidence, if found by the trial court to be of aid to the jury, is admissible even though it bears directly on a main issue. *Higgins* v. *Carroll*, 86 N. H. 312, 315; *Goldstein* v. *Corporation*, 86 N. H. 402, 404. There is nothing in the record to substantiate the plaintiffs' claim that the ruling was one of discretion. Apparently the court deemed the evidence inadmissible as a matter of law. Whether the witness had not already answered the question inferentially so that no prejudice could result from the ruling need not now be determined. See *Harvey* v. *Provandie*, 83 N. H. 236, 243.

Wilson further testified that he was quite positive that Fontaine drove the truck back to Berlin after the accident. Thereupon plaintiffs' counsel asked, subject to exception, if he had ever said that Fontaine "was so nervous that he was unable to drive the telephone truck back." The question was asked in order "to show the condition of this driver." Wilson denied making any such statement. Later the plaintiff Martin testified, also subject to exception, that Wilson told him that "the driver of the truck was very nervous after the accident, and one of the other boys . . . drove the truck back to Berlin." This testimony, though offered for the purpose "of showing the condition of the driver" at the time of the accident, was admitted for the purpose of contradiction only.

But it did not contradict anything that Wilson had said on the witness stand as to Fontaine's condition, for he did not testify on that subject. What he had said to Martin about the matter was therefore immaterial, and whether it was testified to by himself or by Martin it was "in effect but hearsay." *Combs* v. *Winchester*, 39 N. H. 13, 17. See also *Cooper* v. *Hopkins*, 70 N. H. 271, 273.

Nor was Martin's testimony admissible to contradict Wilson's assertion that Fontaine drove the truck back to Berlin, for unless

Fontaine's alleged failure to continue driving was due to nervousness caused by consciousness of fault, the fact that "one of the other boys" may have taken his place was likewise immaterial. "While under the broad latitude allowed in such examinations questions as to irrelevant and immaterial matters bearing on the witness' credibility may be indulged within the sound discretion of the court, the questioner in such case is bound by the witness' answers." *State* v. *Hersom*, 84 N. H. 433, 435. See also *Lambert* v. *Hamlin*, 73 N. H. 138, 140.

The case of *Robinson* v. *Stahl*, 74 N. H. 310, on which the plaintiffs rely, is distinguishable. In that case evidence was admitted to show that a witness had said he should testify for the party who paid him the most money. Facts disclosing the offer of a witness to testify under conditions from which corruption may be inferred, as well as facts indicating bias, prejudice, or interest, are generally regarded as material. 2 Wig. Ev., (2d *ed.*), *ss.* 958, 961, 1055; *Martin* v. *Farnham*, 25 N. H. 195, 199; Hening's Digest, *p.* 616.

Finally, we are of the opinion that even if the plaintiffs had offered direct affirmative evidence of Fontaine's nervousness, it would not have been admissible. It is a well-known fact that people are unnerved by accidents for which they are not responsible, and without more evidence than that contained in the present record an inference that Fontaine's alleged nervous state indicated prior negligence on his part would be conjectural.

*New trial.*

PAGE, J., did not sit: the others concurred.