### SHERWOOD AVERY *v.* GLEN CHAPMAN.

*Devine & Millimet* (*Mr. J. Murray Devine* orally), for the plaintiff.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the defendant.

KENISON, J. The defendant, temporarily engaged in logging operations, employed the plaintiff to assist in loading and hauling logs with which the plaintiff had a limited experience. While the evidence is quite contradictory, there was evidence from which it could be found that the plaintiff objected to loading the logs alone; that the defendant told him to "do the best you can" and that he would have an "easier job"; that the plaintiff continued to work alone in the belief that lighter work was forthcoming. In attempting to load a heavy log from the skidway onto the truck, it skidded by the stakes on the truck and came to rest with one end on the ground and the other end in the air against the rear stake of the truck which was then caused to be tipped sideways at a 45 degree angle. The plaintiff thought he could roll the log slightly and easily with his cant dog in his right hand at the same time drawing the rear stake with his left hand which he did. The log rolled fast throwing the cant dog out of hand and rolled over the plaintiff's back as he "ducked in underneath the truck" to avoid being crushed.

In the various stages of a logging operation there may be many work methods which are considered "dangerous" (*Paquette* v. *Company*, 79 N. H. 288, 290) or "specially dangerous" (*Disalets* v. *Company*, 74 N. H. 440, 443) to the experienced but not so considered or appreciated by the less experienced. There was evidence that the plaintiff had never encountered a situation like the one involved in this accident and had not received instructions "concerning the safe way to do the work" (*Evans* v. *Foster, ante,* 194, 197) in such a situation. Therefore the Trial Court properly refused to rule as a matter of law that the plaintiff assumed the risk and correctly decided that "the issue of contributory neligence was for the jury." *Evans* v.

*Foster, supra.* The Trial Court may rule as a matter of law that an experienced woodsman is barred from recovery if he "deliberately chose to occupy a highly dangerous position which called for the exercise of acrobatic skill." *La Fontaine* v. *St. John*, 92 N. H. 319, 322. In the present case, however, the plaintiff's experience was limited to few weeks and his behavior in the face of apparent danger presented an issue of due care for the jury.

Aside from the question of proper instructions to the plaintiff, there was evidence, although contradicted, that the defendant failed to provide sufficient fellow workmen. If this evidence is believed, defendant's negligence follows. *Gardner* v. *Company, ante,* 289. Whether the plaintiff relied on the promise of the defendant for an "easier job" and continued to work in reliance thereon was for the jury. *Coughlin* v. *Company,* 94 N. H. 57. If the plaintiff did so continue to work, he is relieved of his implied assumption of the risk. The promise of the master to remedy or repair dangerous defects in the working conditions (*Couglin* v. *Company, supra,* 59) or to provide sufficient or additional assistance in the work (*Gardner* v. *Company, supra*) relieves the servant of his implied assumption of the risk and of the charge of contributory negligence while he remains at work on the strength of the promise. *Nason* v. *Company,* 92 N. H. 251; *Sevigny* v. *Company,* 81 N. H. 311.

There appears to be no logical reason why these same principles are not applicable where the promise relates to different or less severe work. "If the danger lies in the kind or amount of work of the promisee, [servant] the promise of the master may be to give different or less severe work. The source of the danger and the means of remedy are immaterial, provided that the promisee reasonably may believe that the dangerous condition will be remedied." Restatement, Agency, *s.* 522, *comment* b.

Defendant attacks the expert testimony submitted upon behalf of the plaintiff. Conceding it to be discretionary with the Trial Court, he earnestly maintains that it was an abuse of that discretion. If the recent experience and knowledge of the experts left something to be desired, it did not make it incompetent as a matter of law. Recent cases show no tendency to curb the discretionary power of the Trial Court in such matters. *Dowling* v. *Shattuck,* 91 N. H. 234, 236; *Ricker* v. *Mathews,* 94 N. H. 313, 317.

*Exceptions overruled.*

All concurred.