Hillsborough
No. 83-098

KENNETH M. BROWN, ADMINISTRATOR OF
THE ESTATE OF SANDRA J. CUTLER

v.

CATHAY ISLAND, INC.

July 2, 1984

*Kahn, Brown, Bruno & Durmer,* of Nashua (*Kenneth M. Brown* on the brief and orally), for the plaintiff.

*Hamblett & Kerrigan P.A.,* of Nashua (*Joseph M. Kerrigan* on the brief and orally), for the defendant.

PER CURIAM.  In this appeal, we are asked to determine whether the Trial Court (*Wyman,* J.) erred in refusing to allow the plaintiff in this wrongful death action to introduce evidence that the defendant had its liquor license suspended by the State Liquor Commission (SLC) for violating RSA 175:6 (Supp. 1983). We also must determine whether the court erred in prohibiting an inspector for the SLC from testifying as to the opinions he formed as a result of his investigation of the events preceding the decedent's death.

Although we have no record of the facts before us, the parties agree to the following in their briefs. On August 2, 1977, Sandra J. Cutler was killed in a motor vehicle accident after leaving the premises of Cathay Island, Inc., in Nashua. The plaintiff, Kenneth M. Brown, as administrator, brought a wrongful death action in superior court alleging that the defendant, Cathay Island, Inc., served alcohol to the decedent when she was intoxicated, in violation of RSA 175:6 (Supp. 1983), and that her death resulted from her being served additional liquor, while intoxicated. After a trial, the jury returned a verdict for the defendant in which it specifically stated that the defendant did not violate RSA 175:6 (Supp. 1983). The plaintiff's motion to set aside the verdict and for a new trial was denied, and this appeal followed.

The plaintiff first argues that the trial court erred in refusing to admit a letter, dated September 26, 1977, from the SLC to Cathay Island, Inc. notifying Cathay Island, Inc. that the SLC had decided to suspend its liquor license for an indefinite period for serving visibly intoxicated patrons on August 1 and 2, 1977, in viola-

tion of RSA 175:6 (Supp. 1983). That provision prohibits the sale of any liquor or beverage by a licensee "to a person under the influence of liquor . . . ." RSA 175:6 (Supp. 1983). A violation of RSA 175:6 (Supp. 1983) has been held by this court to be evidence of negligence. *See Ramsey v. Anctil,* 106 N.H. 375, 376, 211 A.2d 900, 901 (1965). Although the record presented to this court does not contain the plaintiff's actual offer of the letter into evidence, an excerpted portion of the trial transcript indicates that the plaintiff did, in fact, attempt to introduce the letter into evidence, but that "[i]t was excluded after some colloquy in chambers."

We begin our analysis by noting that evidence is admissible if it may aid the jury in its search for the truth. *State v. Thresher,* 122 N.H. 63, 71, 442 A.2d 578, 582 (1982). "The admissibility of evidence is generally within the discretion of the trial court." *Id.* Our review of whether the trial court abused its discretion in admitting or excluding certain evidence is limited to the record presented; such a determination cannot be made on mere speculation. *State v. Staples,* 120 N.H. 278, 284, 415 A.2d 320, 323 (1980).

The supreme court rules make the moving party responsible for presenting a record sufficient to allow this court to decide the issue presented on appeal. Supreme Court Rules 13, 15. Thus, in order for this court to meaningfully review the trial court's ruling in the instant case, the plaintiff was required to supply this court with a record sufficiently complete to enable us to determine whether the trial court abused its discretion in excluding the letter from the SLC. The fact that the admissibility of the letter, in the case before us, was determined in chambers does not extinguish the plaintiff's burden of seeing to it that the record contains an adequate showing of an abuse of discretion. *State v. Staples, supra* at 284, 415 A.2d at 324.

On the incomplete record presented to us, we are able to determine merely that the letter was offered and that it was excluded after some discussion in chambers. We have no record of what was said at the conference in chambers or of the basis for the trial court's exclusion of the evidence. We cannot speculate as to the grounds for the exclusion. *See State v. Staples, supra* at 284, 415 A.2d at 323. Further, the record presented does not show whether the plaintiff took exception to the court's ruling or apprised the court of the basis for the letter's admissibility. Hence, it is not clear on the face of the record that the plaintiff properly preserved his right to appeal the trial court's ruling. *State v. Glidden,* 122 N.H. 41, 48, 441 A.2d 728, 732 (1982).

◼ Therefore, given the trial court's discretionary power concerning the admissibility of evidence, we cannot say, based on the incomplete record before us, that the trial court abused its discretion.

The plaintiff next argues that the trial court erred in refusing to permit Howard Maxcy, an inspector for the SLC, to testify as to the opinions he formed as a result of an investigation conducted by him for the SLC. The record indicates that during August and September 1977, Maxcy investigated the circumstances surrounding Sandra Cutler's death to determine whether Cathay Island, Inc. had violated RSA 175:6 (Supp. 1983).

The investigation consisted of interviews with Nashua police officers, friends of Sandra Cutler, and employees and patrons of the Cathay Island lounge. As a result of the investigation, Maxcy submitted a Report of Violation to the SLC. The report contained the statements of persons interviewed and Maxcy's recommendations.

At trial, the plaintiff sought to elicit Maxcy's conclusions which resulted from his investigation. In particular, plaintiff's counsel asked Maxcy whether he determined that Sandra Cutler was intoxicated on the night of her death. The trial court sustained an objection to the question, and a bench conference ensued. During the bench conference the court ruled that Maxcy could "not express his opinion as to the conclusions which is [sic] the question before the jury in this case." The court then stated: "Anything that this witness has as an opinion has to be based on what other people told him. In any event this ruling is based on the fact that he developed his knowledge from other people."

◼◼ We reiterate once again the well-settled law of this State that "the trial judge has wide discretion in the admission and exclusion of opinion evidence, and that we will uphold his ruling unless there is a clear abuse of discretion." *Peters v. McNally*, 123 N.H. 438, 440, 462 A.2d 119, 121 (1983). Under the liberal rule of New Hampshire, "[i]f the opinion expressed will be of aid to the jury and the witness is qualified to speak, it 'is admissible even though it bears directly on a main issue.'" *Rau v. Stores*, 97 N.H. 490, 495, 92 A.2d 921, 924 (1952) (quoting *Christie v. Company*, 87 N.H. 236, 239, 177 A. 300, 302 (1935)).

◼ The test generally employed to determine the admissibility of opinion evidence "is not to inquire whether the issue to which it relates is for the jury, nor whether it is a 'matter of daily occurrence and open to common observation,' but whether the witness' knowledge of the matter in question will probably aid the triers in their search for the truth." *Paquette v. Company*, 79 N.H. 288, 290, 109 A.

836, 837 (1919) (quoting *Hardy v. Merrill,* 56 N.H. 227, 241 (1875) (citations omitted)). In the instant case, the trial court excluded Maxcy's opinion because it was based not on personal knowledge, but on information obtained from the individuals he interviewed. In essence, the court ruled that his opinion would not aid the jurors in their search for the truth, and we agree.

As the plaintiff notes in his brief, most of the individuals interviewed by Maxcy were available and testified at trial. In addition, the blood alcohol content report was admitted into evidence. Given Maxcy's lack of personal knowledge on the matter in question, and the availability of the individuals interviewed and the blood alcohol report, we conclude that his opinion would not have aided the jurors in their search for the truth. Further, there is nothing in the record supporting the plaintiff's position that Maxcy was better able to make a determination regarding Cutler's intoxication than the jury. We conclude, therefore, that the trial court did not abuse its discretion in excluding the testimony.

Although the plaintiff raised an additional issue in his notice of appeal, the issue was not briefed nor argued by the plaintiff and therefore we will not consider it. *Fleming v. Martin,* 122 N.H. 128, 130, 442 A.2d 584, 585 (1982).

*Affirmed.*