Sullivan
No. 88-434

THE STATE OF NEW HAMPSHIRE

v.

JERRY D. MENARD

December 28, 1990

*John P. Arnold*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

BROCK, C.J.   The defendant, Jerry D. Menard, was convicted after trial by jury of two counts of aggravated felonious sexual assault on a victim of less than thirteen years of age, RSA 632-A:2, XI. On appeal, he claims that the Superior Court (*DiClerico*, J.) erred in admitting the testimony of a rebuttal witness and in failing to exclude hearsay statements made by the witness during that testimony. For the reasons which follow, we affirm.

The defendant was indicted and tried on two counts of aggravated felonious sexual assault. Both indictments were based upon the complaint of a young female victim who alleged that, on August 18, 1987, the defendant lured her into his apartment, threatened her with a knife and committed the sexual assaults on her.

During trial, the defendant's mother, Ruth Partlow, testified on behalf of her son. On cross-examination, the prosecutor asked Mrs. Partlow about a conversation she might have had with Timothy Crotts, a Claremont police detective. Although Mrs. Partlow acknowledged meeting Detective Crotts while "trying to get [the defendant] bailed at the County Farm," she denied having told him what she thought had happened between the victim and the defendant, stating that she "didn't discuss anything like that with him." She also testified that she had never discussed the charge of sexual assault with the defendant.

Immediately following Mrs. Partlow's testimony, the defense rested and the State called Detective Crotts as a rebuttal witness. Although the record reflects that a discussion took place prior to Detective Crotts' testimony at the initiation of defense counsel, no objection to Detective Crotts' testimony was placed on the record during the jury trial. Following the unrecorded discussion, the prosecutor examined Detective Crotts, who testified that he plainly remembered a conversation, in which either Mrs. Partlow or her boyfriend, Mr. Dunbar, said: "That little slut seduced him. He didn't do anything to her. She was up there and she seduced him. He didn't seduce her." The record reflects no objection by defense counsel at any time during Detective Crotts' testimony.

Following conviction on both counts, and sentencing to two concurrent terms of ten to thirty years in the State Prison, the defendant filed a motion for new trial based upon ineffective assistance of counsel, questioning, *inter alia*, whether the defendant's trial counsel acted properly in failing to record an objection to the rebuttal testimony of Detective Crotts. In its order denying the motion for new trial, the court found that defense counsel objected to the testimony

of Timothy Crotts and that the court overruled the objection. The court also concluded, upon review of the trial record, that even if defense counsel's objection had been sustained and Detective Crotts' testimony was not considered as evidence, there is no "reasonable probability that the result would have been different."

On appeal, the defendant claims that the trial court abused its discretion in failing to exclude the rebuttal testimony of Detective Crotts. He also claims that the portion of the rebuttal testimony consisting of statements attributed to either Mrs. Partlow or Mr. Dunbar did not fall within the declaration against interest exception to the hearsay rule, N.H. R. Ev. 804(b)(3), as stated in the court's order. Finally the defendant asks this court to address the question of whether manifest errors at trial, which result in serious injustice, should be reviewed on appeal even if they were not properly preserved by trial counsel.

The defendant's first claim is that the trial court erred in permitting the rebuttal testimony of Detective Crotts, arguing that the court's failure to sustain his off-the-record objection amounts to an abuse of discretion. We begin our review of this claim by acknowledging that the transcript of the jury trial taken alone does not reveal that the issue was satisfactorily preserved for appeal. The annotation in the trial transcript, "Discussion had off the record," which follows defense counsel's request for "a brief meeting," hardly constitutes a contemporaneously recorded objection of which the grounds are specifically stated. *See* N.H. R. Ev. 103(b)(1); *State v. Wisowaty*, 133 N.H. 604, 580 A.2d 1079 (1990) (quoting *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988)). A moving party may not raise objections regarding the admissibility of evidence at trial for the first time in a motion for new trial, nor may a moving party use such a motion to make a general objection more specific. This would prevent the trial judge from addressing the claim of error before any damage is beyond correction. *State v. Saulnier*, 132 N.H. 412, 414, 566 A.2d 1135, 1136 (1989). It would also encourage parties unhappy with the trial result to comb the record, endeavoring to find some alleged error never addressed by the trial judge that could be used to set aside the verdict. *See State v. Johnson, supra* at 587, 547 A.2d at 218.

The court's order on the motion for new trial and the record of the hearing on the motion disclose that the defendant's trial counsel during an off-the-record bench conference initially objected generally to any rebuttal testimony by Detective Crotts and that the objection

was overruled. *See* N.H. R. Ev. 103(b)(1). During the bench conference, the court decided and both trial counsel agreed that Detective Crotts' testimony would be narrowly limited to whether he had spoken to defendant's mother and the substance of anything that she said.

■■■ The defendant is responsible for providing a record sufficient to decide the questions of law presented by the case. SUP. CT. R. 13(3). The motion for new trial based upon ineffective assistance of counsel is a collateral attack on the conviction. Since this motion is not part of the direct appeal of the case, and was not filed within ten days, the hearing upon the motion cannot serve to supplement the trial record. *See* SUP. CT. R. 7. Since defendant's trial counsel did not object on the record during the rebuttal testimony, the issue is not preserved for appellate review. *See State v. Wisowaty, supra* at 607–08, 580 A.2d at 1080–81; *Brown v. Cathay Island, Inc.*, 125 N.H. 112, 115–16, 480 A.2d 43, 44–45 (1984). Therefore, we decline to review the defendant's first claim and hold that the trial court did not abuse its discretion in permitting Detective Crotts to testify as a rebuttal witness. *See State v. Wisowaty, supra* at 607–08, 580 A.2d at 1080–81; *Brown v. Cathay Island, Inc. supra.*

During the hearing, the judge, who also presided over the trial, urged that this court review the issue of the off-the-record objection. We need not address that issue because defense counsel ultimately abandoned his objection in agreeing to allow the witness to be questioned on a narrow issue.

The defendant's second claim involves specific rebuttal testimony of Detective Crotts. In particular, he alleges that the trial court erred in permitting Detective Crotts to repeat the following statements attributable to either Mrs. Partlow or Mr. Dunbar: "That little slut seduced him. He didn't do anything to her. She was up there and she seduced him. He didn't seduce her." The defendant argues that, contrary to the trial judge's assertion in his order on the motion for new trial, the statements do not fall within the declaration against interest exception to the hearsay rule. *See* N.H. R. Ev. 804(b)(3).

■■ Again, we must recognize the requirement for a contemporaneous and specific objection to the admissibility of evidence in order to preserve the issue for appeal. N.H. R. Ev. 103(b)(1); *see State v. Wisowaty*, 133 N.H. at 607–08, 580 A.2d at 1080–81; *Brown v. Cathay Island, Inc.*, 125 N.H. at 115, 480 A.2d at 44. A review of the trial transcript reveals no contemporaneous hearsay objection to Detective Crotts' statements. It is clear from the record that defense

counsel did not object on the basis of hearsay to the statements made by Detective Crotts or the questions which elicited them. Since defendant's trial counsel made no contemporaneous hearsay objection, the trial court was not presented with the opportunity to make a ruling, and we refrain from further review of this claim. N.H. R. Ev. 103(b)(1); *see State v. Wisowaty*, 133 N.H. at 607–08, 580 A.2d at 1080–81; *Brown v. Cathay Island, Inc.*, 125 N.H. at 115–16, 480 A.2d at 44–45. We hold that the trial court did not err in admitting the statements made by Detective Crotts.

Finally, the defendant, apparently recognizing that his claims might not be properly preserved under the New Hampshire Rules of Evidence, *see* N.H. R. Ev. 103, asks this court to review his claims, in order "to cure a manifest error resulting in serious injustice." In effect, the defendant proposes the adoption of the "plain error" standard applied in the federal courts. *See* FED. R. EVID. 103(d).

In making his argument, the defendant relies upon *State v. Fennell*, 128 N.H. 383, 513 A.2d 363 (1986), *rev'd in part*, 133 N.H. 402, 578 A.2d 329 (1990), asserting in his brief that this court "clearly indicated that it would consider claims on appeal which were not preserved at trial in order to correct 'manifest error' or 'serious injustice.'" *See id.* at 384, 513 A.2d at 364 (citing *State v. Boyer*, 392 A.2d 41, 42 (Me. 1978)). Upon review of *Fennell*, we find no such clear indication and note that this court simply did not address the adoption of a "plain error" standard as urged by the defendant in that case. *Id.*

█ However, the possible adoption of such a standard was addressed later in *State v. Johnson*, 130 N.H. at 587, 547 A.2d at 218. In *Johnson* this court held that, "unlike the 'Federal "plain error rule," New Hampshire deems any objection not raised at trial to be waived and may not . . . be considered on appeal.'" *Id.* (quoting N.H. R. Ev. 103 comment); *see State v. Wisowaty*, 133 N.H. at 607–08, 580 A.2d at 1080–81. Rule 103 is clear in the requirements it sets forth for preserving objections for appellate review and is "grounded in common sense and judicial economy." *State v. Johnson*, 130 N.H. at 587, 547 A.2d at 218; *see State v. Wisowaty*, 133 N.H. at 507, 580 A.2d at 1080. Therefore, we reaffirm our holding in *Johnson* and decline to review the defendant's claims under a "plain error" standard.

*Affirmed.*

HORTON, J., did not sit; the others concurred.