Merrimack
No. 90-548

### THE STATE OF NEW HAMPSHIRE

v.

### ROBERT K. RYAN

May 22, 1992

*John P. Arnold*, attorney general (*Geoffrey J. Ransom*, attorney, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

HORTON, J.   The defendant, Robert K. Ryan, was convicted by a jury of burglary, felonious use of a firearm, and two counts of kidnap-

ping. At the sentencing hearing, the defendant moved to vacate the convictions because the Superior Court (*Mohl*, J.) had failed to select the foreperson of the jury in a random manner. This motion was denied and the defendant appealed. We affirm.

On appeal, the defendant argues that the trial court erred by specifically selecting juror number three as the foreperson and then randomly designating by lot the two alternates. At the sentencing hearing, the defendant asked the court to explain how it had selected the foreperson. The court stated:

> "[I]t is my practice and it was my practice in fact in this case to review the juror questionnaires after the jury is selected. This is in order to make observations about the members of the jury as they are sitting through the course of the trial, and to make the selection of the foreperson, based upon those observations and that review of the juror questionaries [*sic*]; so as to select a person, who in the court's view, will be able to adequately lead and pursue the issues that have been presented to the jury in the closing instructions, and lead the jury in deliberations."

The defendant objected and moved to vacate the conviction. This motion was denied.

The defendant argues that the court's non-random selection of the foreperson violated his right, as guaranteed by part I, article 15 of the New Hampshire Constitution, to a fair and impartial jury of his peers. He suggests that the court's action conveyed to the jury that the foreperson's thoughts or ideas were somehow valued by the court. The State responds that this issue is not properly before us because the defendant did not contemporaneously object to the selection of the foreperson.

■■ It is well settled that preservation of an issue for appeal requires a contemporaneous and specific objection. *See State v. Menard*, 133 N.H. 708, 711, 584 A.2d 752, 754 (1990). "This requirement, grounded in common sense and judicial economy, 'affords the trial court an opportunity to correct an error it may have made . . . .'" *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988) (quoting *State v. Nadeau*, 126 N.H. 120, 125, 489 A.2d 623, 626 (1985)). Any objection not raised at trial is deemed waived. *Id.*

In this case, the defendant did not contemporaneously object to the manner in which the court selected the foreperson. In fact, the defendant did not object until more than four months later when he moved to vacate the conviction at the sentencing hearing. The de-

fendant's counsel acknowledged at the sentencing hearing that she failed to object at the time the foreperson was selected. Because a timely objection was not made, the trial court was not provided with the opportunity to address a possible error in the way in which it selected the foreperson.

The defendant argues that it would have been futile to have objected at trial because the court made it clear at the sentencing hearing that it always selected the foreperson in this same manner. This argument is meritless; it presupposes that the court would not have considered the defendant's objection. It ignores the basic premise underlying the requirement of a timely objection; namely, to provide the trial court with the opportunity to correct any possible error. *Menard,* 133 N.H. at 712, 584 A.2d at 754.

Because the defendant did not make a contemporaneous objection to the manner in which the jury foreperson was selected, the trial court did not have the opportunity to rule at a time when the alleged error could have been corrected. Thus, this issue is not preserved for appellate review, and we decline to address its merits. *See id.*

*Affirmed.*

All concurred.