Grafton
No. 94-154

JOHN A. AND PATRICIA CATUCCI, INDIVIDUALLY AND AS
NEXT FRIENDS OF THE CATUCCI CHILDREN

v.

GEOFFREY T. AND CHERYLYN M. LEWIS & a.

September 27, 1995

*Charles A. Russell,* of Concord, by brief and orally, for the plaintiffs.

*McLaughlin, Hemeon & Lahey, P.A.,* of Laconia (*Robert L. Hemeon* on the brief, and *Janice L. McLaughlin* orally), for defendants Geoffrey and Cherylyn Lewis.

*Nelson, Kinder, Mosseau & Gordon, P.C.,* of Manchester (*Martha V. Gordon* on the brief and orally), for defendant A.L.D., Inc., d/b/a Century 21 Country Lakes Realty, Inc.

BROCK, C.J. The plaintiffs, John and Patricia Catucci, individually and as next friends of the Catucci children, appeal both a jury verdict in the Superior Court (*Lynn,* J.) for the defendants, Geoffrey A. Lewis, Cherylyn M. Lewis, and A.L.D., Inc., d/b/a Century 21 Country Lakes Realty (A.L.D.), and the trial court's ruling for the defendants on their counterclaim. The plaintiffs assign error to a number of rulings of the superior court. We affirm.

The plaintiffs alleged that a home they purchased from the Lewises, through the Lewises' agent, A.L.D., contained urea-formaldehyde foam insulation, which injured the plaintiffs and their children. The plaintiffs sought recovery based on six theories of liability. The Lewises filed a counterclaim, seeking money allegedly owed by the plaintiffs under a mortgage on the property. The trial court granted the defendants' motions for partial summary judgment as to three of the plaintiffs' theories of liability. The defendants prevailed on the remaining claims before the jury, and the trial court ruled in favor of the Lewises on their counterclaim.

■    The plaintiffs allege error in the trial court's decision not to apply the discovery rule to their claim under RSA chapter 358-A, the Consumer Protection Act. We have yet to interpret RSA 358-A:3, IV-a (1984), which provides that the Consumer Protection Act shall not apply to "[t]ransactions entered into more than 2 years prior to the complaint . . . ." We note, however, that in the case of *Zee-Bar, Inc.-N.H. v. Kaplan,* 792 F. Supp. 895 (D.N.H. 1992), the trial court dismissed a claim brought under the Consumer Protection Act because the plaintiffs' complaint was brought more than two years after the transactions underlying the complaint. *Id.* at 902; *cf. Gautschi v. Auto Body Discount Center,* 139 N.H. 457, 459–61, 660 A.2d 1076, 1078–79 (1995). Application of the discovery rule was rejected because the

"plain wording of [RSA 358-A:3, IV-a] . . . forecloses application of the usual rules for tolling of statutes of

limitations, i.e., the discovery and fraudulent concealment rules; the provision explicitly 'exempts' 'transactions' entered into more than two years prior to the complaint. Further, the nature of the Act, applying as it does to unfair and deceptive acts and practices, is such that the legislature would be aware of problems of discovery and fraudulent concealment and would have worded the statute differently if it [had] sought to have such rules apply to this statute."

*Kaplan*, 792 F. Supp. at 901–02 (quoting *City of Manchester v. National Gypsum Co.*, 637 F. Supp. 646, 655-56 (D.R.I. 1986)). We agree with this interpretation. Therefore, because the plaintiffs in the instant case brought their action more than two years after they bought the property in question, the grant of summary judgment as to the claim under the Consumer Protection Act was proper.

The plaintiffs next argue that the trial court committed reversible error in excluding certain evidence of damages and limiting the jury's consideration of damages. We need not, however, address this issue, as we affirm the verdict in favor of the defendants. *See Broderick v. Watts*, 136 N.H. 153, 164, 614 A.2d 600, 607–08 (1992) ("That the jury need not calculate damages if they do not find the defendant negligent is axiomatic."); *see also National Bank of Commerce v. Beavers*, 802 S.W.2d 132, 134 (Ark. 1990); *Hanover Co. v. Twisdale*, 256 S.E.2d 840, 843 (N.C. Ct. App. 1979).

■ The plaintiffs also assert that the trial court improperly removed claims from the jury. The plaintiffs argue that, in dismissing the plaintiffs' contract and negligence claims, the court failed to consider the evidence in plaintiffs' favor. The plaintiffs have not provided a record sufficient to consider the evidence on these claims, so the trial court's rulings must stand. *See* SUP. CT. R. 13(3), 15(3); *Brown v. Cathay Island, Inc.*, 125 N.H. 112, 115, 480 A.2d 43, 45 (1984).

■ The final issue on appeal is whether the trial court erred in taking the Lewises' counterclaim from the jury. The only defense to the counterclaim presented by the plaintiffs was misrepresentation in the initial sale of the house. The plaintiffs acknowledge that this defense could have been successful only if the jury found misrepresentation. The plaintiffs also acknowledge that there were special verdict forms as to their claims of misrepresentation. The trial court withheld the counterclaim from the jury, ruling that it would decide the counterclaim in favor of whichever party prevailed on the plaintiffs' claims. As the special verdict forms were not provided to this court for review and the plaintiffs have not provided a record

sufficient to review the jury verdict regarding misrepresentation, *see* SUP. CT. R. 13(3), 15(3), we must assume that the evidence supported the trial court's ruling. *See Brown*, 125 N.H. at 115, 480 A.2d at 45.

*Affirmed.*

All concurred.