Graf v. Warden, NHSP                    CV-00-124-JD  11/01/00

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Carl Graf

        v.                                 Civil No. 00-124-JD
                                           Opinion No. 2000 DNH 235
Warden, New Hampshire
State Prison


                              O R D E R


     Carl Graf petitions for a writ of habeas corpus pursuant to

28 U.S.C.A. § 2254, raising ten claims of constitutional error in

his criminal trial.[1]  The respondent moves to dismiss five of the

claims and part of a sixth claim on the ground that the claims

were procedurally defaulted.  The petitioner objects, contending

that most of the claims were not defaulted and that he can

demonstrate cause and prejudice or a substantial miscarriage of

justice as to the defaulted claims.



                             Background

     Carl Graf was convicted in May of 1995 on three counts of

felonious sexual assault.  Graf was a friend of the family of the

ten-year-old boy whose allegations of sexual contact with Graf

_____

     [1]Although the petition lists nine claims, the first claim
has two parts which the petitioner apparently accepts as two
separate claims.

led to the sexual assault charges brought against Graf.  Graf was sentenced to seven and a half years to fifteen years imprisonment on one count, and to consecutive suspended sentences on the other two counts.

On appeal, Graf argued:

> that the trial court violated his rights to due process, confrontation, and to produce all favorable proofs under both the State and Federal Constitutions when it precluded him from:  (1) introducing character evidence that he was not the type of person who would sexually assault children or take advantage of them; and (2) introducing privileged information during the cross-examination of the State's expert witness regarding the victim's sexual history and punishments the victim may have received.  The defendant also contends that a communication between the county attorney and the chief justice of the superior court that led to the recusal of the original judge assigned to the defendant's trial denied him due process.  Finally, the defendant argues that the trial court erred in admitting hearsay statements made by the victim to his pediatrician without first determining the victim's intent in making those statements.

State v. Graf, 726 A.2d 1270, 1273 (N.H. 1999).  His conviction was affirmed.  See id. at 1278.

After Graf's first federal habeas petition was dismissed because it included unexhausted claims, see Graf v. Warden, No. 98-379-JD, (Aug. 18, 1999), Graf filed a habeas petition in state court, raising the unexhausted claims.  The state habeas court denied his petition, finding that all but two of the new claims were procedurally waived.  Graf v. Warden, 99-E-0377 (Dec. 3,

2

1999), at 4. The court found that the issue of appellate delay was moot, and that Graf had not shown by a preponderance of the evidence that statements made by a former police chief supported his conspiracy theory of police misconduct. After the New Hampshire Supreme Court denied his appeal from the dismissal of his state habeas petition, Graf filed a habeas petition in this court.

## Discussion

The respondent moves to dismiss five of Graf's claims and part of a sixth, contending that because the claims were procedurally defaulted in the state actions, Graf is barred from seeking relief on those claims here. Graf contends that five of the challenged claims were not defaulted. As to one of those claims, he argues that if it were defaulted, he can show cause and prejudice for the default or a miscarriage of justice. As to the default of the sixth claim, he argues a miscarriage of justice overcomes the default.

### A. Procedural Default

A claim is procedurally defaulted if the petitioner did not give the state court a fair opportunity to pass on the claim due to the petitioner's failure to abide by a state procedural rule.

3

See Coleman v. Thompson, 501 U.S. 722, 732 (1991).  A procedural default in state court based on independent and adequate state grounds bars review by a federal court absent a showing of cause for the default and resulting prejudice or a miscarriage of justice.  See id. at 732, 751; accord Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000).  To constitute a bar to federal habeas review, the state procedural rule must be "'firmly established and regularly followed' at the time it was applied."  Id. at 1590 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

In 1999, when Graf's direct appeal and state habeas action were decided, it was well-established under New Hampshire law that a defendant waives any issue not raised in the notice of appeal.  See State v. Jackson, 738 A.2d 354, 356 (N.H. 1999).  In addition, it has long been settled that a timely and specific objection is necessary to preserve an issue for appeal.  See State v. Ryan, 135 N.H. 587, 588 (1992); State v. Guay, 130 N.H. 413, 418 (1988).  Issues that are raised in the notice of appeal but not briefed are also waived.  See, e.g., State v. Porter, 738 A.2d 1271, 1276 (N.H. 1999).  A petitioner who had knowledge of an issue and an opportunity to raise the issue on direct appeal, but failed to do so, procedurally waives the issue for state collateral review.  See Avery v. Cunningham, 131 N.H. 138, 143 (1988).

The petitioner's first question in his notice of appeal from his criminal conviction asked, "Did the Court deny the defendant his right to due process of law, as well as his right [to] all proofs favorable under both the State and Federal Constitutions when it denied the defendant the opportunity to introduce character evidence?" In his brief, the petitioner stated the question, but then argued that the proffered character evidence should have been admitted under New Hampshire Rule of Evidence 404(a)(1) and the New Hampshire Constitution, Part I, Art. 15. The New Hampshire Supreme Court interpreted the favorable proofs part of the question to raise an issue under the state constitution, as cited, and the compulsory process clause of the federal constitution. See Graf, 726 A.2d at 1273. The court ruled that the brief also addressed an evidentiary issue, with respect to the character evidence, but not a right to due process, and therefore addressed only the evidentiary argument. See id. at 1274. The state habeas court ruled that the petitioner procedurally defaulted his due process claim, arising from the exclusion of his good character evidence. See Graf v. Cunningham, No. 99-E-0377, slip op. at 4.

In response to the respondent's motion that the due process issue as to the court's exclusion of the petitioner's good character evidence was procedurally defaulted, the petitioner

5

argues that the issue was sufficiently briefed because it was stated in a caption and because one case cited in that section articulated a due process argument.[2]  The petitioner's argument is unavailing because both the supreme court and the habeas court found that the issue was defaulted based on state law.  This court is barred from reviewing the state courts' decisions, based on independent and adequate state law grounds, absent a showing of cause and prejudice for the default or a miscarriage of justice.  See, e.g., Edwards, 120 S. Ct. at 1591.

Similarly, the petitioner's claim that the trial court's decision to admit the victim's statements to his treating physician violated due process was procedurally defaulted.  The due process issue as to statements made to the physician was neither raised nor briefed before the New Hampshire Supreme Court, and the state habeas court ruled that it was procedurally defaulted.  See Graf, No. 99-E-0377, slip op. at 4.

The due process issue as to the admissibility of privileged matters relating to the victim's prior sexual activity and

---

[2]The United States Supreme Court case, which the petitioner relies on as having presented his due process argument, was included in the appeal brief only as part of the cite to a New Hampshire case, State v. Ramos, 121 N.H. 863, 868 (1981), without any mention of the due process argument.  The appellate brief cited Ramos in support of an argument under New Hampshire law, not for a federal due process right.

knowledge was raised in the notice of appeal, but was briefed only to a limited extent. In his brief, the petitioner focused on the need to use the evidence in cross-examination of the state's expert witness, which is the issue that was addressed by the supreme court. See Graf, 726 A.2d at 1275-76. The broader question as to whether the exclusion of the privileged matters violated the petitioner's due process rights was not briefed on direct appeal and was not raised in the state habeas action. Therefore, the broader due process issue was procedurally defaulted, which bars review here, absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Edwards, 120 S. Ct. at 1591.

The petitioner admits that his claims that the trial court's competency finding and decision to permit evidence of the victim's memories of abuse by the petitioner violated due process were not articulated to the New Hampshire Supreme Court on direct appeal. The petitioner argues, however, that those issues "clearly and obviously flow" from the petitioner's argument that his due process rights were violated by not being permitted to use evidence of the victim's history, including prior sexual activity, on cross examination of the state's expert witness. Since those issues were neither raised in the notice of appeal, nor briefed as subsidiary issues, see N.H. Supr. Ct. R. 16(3)(b),

7

the issues were waived. The state habeas court ruled that those issues were procedurally defaulted, which bars consideration of the issues here. See Graf, 99-E-0377, slip op. at 4.

At the petitioner's criminal trial, the prosecutor argued in closing that the victim's only possible source of knowledge about the petitioner's alleged sexual activity with him was from that activity itself. The petitioner asserts that the argument was improper because the prosecutor knew that the victim had other possible sources for such knowledge. The petitioner acknowledges that the issue of alleged prosecutorial misconduct, pertaining to the prosecutor's closing argument, was procedurally defaulted because his trial counsel did not object to the argument and the issue was not raised on appeal. The petitioner argues, however, that he can show cause and prejudice for the default. The petitioner also contends that he can show a miscarriage of justice as to the alleged prosecutorial misconduct and the trial court's decision to exclude from evidence privileged matters pertaining to the victim's prior sexual activity.

B. Cause and Prejudice; Miscarriage of Justice

A petitioner who has procedurally defaulted claims in the state court system, which deprived the state court of an opportunity to review the alleged errors, must show sufficient

cause for the default and resulting prejudice to overcome the bar to federal review of those claims.  See Edwards, 120 S. Ct. at 1591.  Alternatively, a petitioner may overcome the bar if he can show "a sufficient probability that [the federal court's] failure to review his federal claim will result in a fundamental miscarriage of justice."  Id.

The petitioner here contends that the cause for the default of his claim based on the prosecutor's alleged misconduct was his trial counsel's error in not objecting to the prosecutor's closing argument.  The petitioner argues that ineffective assistance of counsel was the cause for the default.  He also contends that prejudice exists because there is a reasonable probability that the result would have been different if his counsel had properly objected.

As the respondent argued in support of his motion to dismiss, ineffective assistance of counsel cannot serve as cause to excuse a procedural default unless the ineffective assistance of counsel claim is itself properly before the federal court.  See Edwards, 120 S. Ct. at 1591-92.  In this case, the petitioner has not brought an ineffective assistance of counsel claim in support of his habeas petition and did not bring such a claim in either his direct appeal or his state habeas action.  Therefore, his trial counsel's alleged constitutional deficiency in failing

9

to object to the prosecutor's closing argument is not adequate cause to excuse the procedural default of the claim in state court. See id.

The petitioner alternatively argues that this court's failure to review the trial court's decision to exclude privileged matters relating to the victim's prior sexual activity and victimization and the related alleged prosecutorial misconduct "will result in a fundamental miscarriage of justice." Edwards, 120 S. Ct. at 1591. A fundamental miscarriage of justice is an "'extraordinary instance[s] when a constitutional violation probably has caused the conviction of one innocent of the crime.'" United States v. Barrett, 178 F.3d 34, 48 (1st Cir. 1999) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). The miscarriage of justice exception requires proof of actual innocence, meaning "'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); see also Calderon v. Thompson, 523 U.S. 538, 559 (1998).

The petitioner here offers no new evidence of his innocence. Instead, he asserts his innocence and argues that the excluded evidence would have resulted in a different verdict. The petitioner contends that he is innocent of the charges of

10

conviction, and as a result, he has not participated in the sexual offender program, despite a possible reduction in his sentence if he did participate. He argues that his conviction is based entirely on the testimony and statements of the victim, which were uncorroborated by any physical evidence or eye witnesses. He also challenges the credibility of the victim's testimony.

In contrast, he argues, evidence exists in the privileged matters, which the trial court excluded, that would show that the victim had sources of sexual knowledge other than the petitioner's charged conduct. That evidence would undermine the victim's allegations against him and prevent the prosecutor's argument that the victim's alleged sexual activity with the petitioner was the only possible source of his knowledge of such activity. The petitioner also contends that the privileged matters would permit him to undermine the victim's credibility.

The privileged matters, as evidenced in the materials submitted in support of the petitioner's motion to dismiss, do not support his claim that the jury would likely have found him not guilty if the privileged matters concerning the victim's prior sexual experience were admitted at trial. The state trial court judge reviewed the privileged matters in camera and permitted the petitioner's trial counsel to review the matters

11

for purposes of the motion to admit the evidence.  After a hearing on admissibility, the trial court ruled that the adoptive mother's statement that she was concerned that the victim might have been abused in foster homes was "completely unsubstantiated" and had no probative value with respect to the charges against the petitioner.  The trial judge also ruled that the evidence of other sexual activity had been represented as normal behavior by the psychiatrist who interviewed the victim and that no substantiation existed as to any prior sexual assaults.  The trial judge explained that he had reviewed documents that might arguendo be probative of the victim's prior sexual knowledge but found that "the documents, themselves, do not supply insight into the knowledge the alleged victim may have acquired in regard to the type of acts which he now accuses the defendant of doing." State v. Graf, No. 94-S-180-181-182, slip op. at 6 (April 13, 1995).  The trial judge granted the petitioner's request to use evidence pertaining to the victim's credibility.

This court also has reviewed the state court filings and orders, pertaining to the admissibility of the privileged matters and a transcript of the hearing on admissibility, submitted by the petitioner in support of his objection.  The materials submitted suggest nothing that would so undermine the court's confidence in the conviction as to suggest the conviction of one

12

who was actually innocent.  As the petitioner has not demonstrated the likelihood of a miscarriage of justice if his claims were not reviewed here, he has not overcome the procedural bar to review.

## Conclusion

For the foregoing reasons, the respondent's motion to dismiss (document no. 18) is granted.  The following issues raised in the petitioner's first amended petition (document no. 7) at paragraph 12 are dismissed: b, c, d (due process claim), e, f, and i (except as pertinent to cross examination of the expert witness).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

November 1, 2000

cc:  Michael J. Sheehan, Esquire
     Neals-Erik W. Delker, Esquire