Hillsborough-southern judicial district
No. 00-295

RICHARD AND GWENDOLYN GAMMANS

v.

FHP CONSTRUCTORS, INC. AND WEDGCOR, INC.

August 10, 2001

*Kevin H. O'Neill,* of Manchester, by brief, for the plaintiff.

*Wiggin & Nourie, P.A.,* of Manchester (*Gary M. Burt* and *Ralph Suozzo* on the brief), for the defendant, Wedgcor, Inc.

BROCK, C.J. The plaintiffs, Richard and Gwendolyn Gammans, filed suit against defendants FHP Constructors and WedgCor, Inc., both Colorado corporations, for various problems related to the proposed construction of a steel arena building on their property. FHP Constructors defaulted, and the action proceeded against Wedgcor, Inc. (hereinafter, the defendant). Following a bench trial, the trial court entered a decision on the merits in favor of the defendant. At issue in this appeal is whether the trial court erred when it granted the defendant's post-trial motion for taxation of costs. We vacate and remand.

Following the bench trial, the defendant filed a motion for taxation of costs, seeking to recover, among other things, expenses incurred by one of its employees when he traveled from Colorado to New Hampshire to attend his deposition and testify at trial. Although the defendant apparently attached receipts to its motion, it did not submit a verified bill of costs. The plaintiff did not file a response to

the motion. The Superior Court (*Hampsey*, J.) granted the motion by order stating, in pertinent part, as follows:

> Deft. Wedgcor, Inc.'s motion for taxation of costs
> MOTION GRANTED (NO OBJECTION FILED)

The plaintiffs filed a timely motion for rehearing/reconsideration. The plaintiffs stated in their motion that they had been awaiting a determination by the clerk regarding which costs were deemed taxable before asking the trial court to review the clerk's action; they also requested the court to direct the clerk to render a determination of taxable costs pursuant to Superior Court Rule 87 so that the parties could decide whether to seek review from the trial court. The plaintiffs also stated that if the court were to rule on the request for costs without awaiting a decision by the clerk, they objected to the motion because: (1) the bill of costs was not verified; and (2) the bill of costs sought recovery for various unrecoverable expenses. The trial court denied the motion for reconsideration, and the plaintiffs appealed.

On appeal, the plaintiffs contend that the trial court abused its discretion when it disregarded the procedural requirements of Superior Court Rule 87 and awarded excessive litigation expenses and costs. The defendant contends that: (1) the plaintiffs waived their right to object to the motion for taxation of costs because they failed to file a timely objection; and (2) the superior court did not abuse its discretion by granting the motion, which was supported by attached receipts. We conclude that the superior court failed to adhere to the procedural requirements of Rule 87, and remand the issue of whether the expenses listed in the defendant's motion are recoverable under New Hampshire law.

■ Superior Court Rule 87 allows a prevailing party to recover costs as provided by the rules. Rule 87(b) provides:

> (b) **Taxation of Costs.** The party claiming costs shall file with the clerk an itemized, verified bill of costs. The clerk shall revise the verified bill of costs to conform to these rules. No costs shall be taxed by the clerk in any case except the fees of the clerk, fees for service of process, and witness fees, unless the same shall be agreed to in writing by the adverse party or the party's attorney. If a party objects to any costs allowed or not allowed by the clerk such party may by motion request that the Presiding Justice review the action of the clerk.

The defendant apparently does not dispute that the trial court did not follow the procedures set out in Rule 87, but argues, relying on Superior Court Rule 58, that the plaintiffs waived any right to object to the motion for taxation of costs because they failed to file a timely objection. The plaintiffs specifically noted in their motion for reconsideration, however, that they had not filed an objection because they were awaiting, pursuant to Rule 87, a determination by the clerk regarding which costs were deemed taxable pursuant to New Hampshire law before requesting review by the trial court. In light of the plain language of the rule, we agree with the plaintiffs that they had no obligation to object to the motion until the clerk acted. Therefore, the defendant's reliance on Superior Court Rule 58, governing the timing of objections to motions, is misplaced. Furthermore, even assuming that the plaintiffs were obligated to object to the motion, we conclude that both their procedural and substantive arguments were properly preserved and the trial court's alleged errors are properly before this court. *See State v. Tselios*, 134 N.H. 405, 407 (1991) (issue preserved where defendant raised an issue in his motion to reconsider, his objection to the court's default order was still before the appropriate trial forum, and "his earlier failure to raise the issue did not deprive the trial court of a full opportunity to correct its error").

The defendant cites a number of cases suggesting that a timely objection is necessary to preserve an issue for appeal. The cases cited, however, involve the appealing party's failure to object to an incomplete opening statement by a prosecutor, *State v. Guay*, 130 N.H. 413, 418-19 (1988), failure to object to the admission of evidence, *State v. Menard*, 133 N.H. 708, 710 (1990), and failure to object to a jury instruction, *State v. Nadeau*, 126 N.H. 120, 125 (1985). Underlying the rule announced in these cases that objections made at trial be timely is the recognition that a contrary rule would both prevent the trial judge from addressing the claim of error before any damage is beyond correction and "encourage parties unhappy with the trial result to comb the record, endeavoring to find some alleged error never addressed by the trial judge that could be used to set aside the verdict." *Menard*, 133 N.H. at 710; *see also Nadeau*, 126 N.H. at 125. These concerns are not as pressing where, as here, the legal issue arose not at trial, but in a motion made after trial, and the trial court was not denied the opportunity to address the claim of error before any damage was done.

■ We also conclude that the trial court erred when it failed to follow the procedural requirements of Rule 87. The plain language

of Rule 87 requires the party claiming costs to file an itemized, verified bill of costs with the clerk. It also requires the clerk to revise the verified bill of costs to conform to the rules. Only after the clerk has completed this process and determined in the first instance which costs are allowed may an objecting party request that the presiding justice review the clerk's action. Here, the prevailing party submitted a motion for costs to the trial court without a verified bill of costs. Rather than refer the motion to the clerk with appropriate instructions, the trial court simply granted the motion. This was error. Therefore, we vacate the order awarding costs and remand to the superior court so that the clerk may determine in the first instance which expenses are recoverable. Should any party disagree with the clerk's determination, that party may by motion request that the presiding justice review the action of the clerk.

*Vacated and remanded.*

BRODERICK, NADEAU and DUGGAN, JJ., concurred.