Cheshire
No. 84-039

## THE STATE OF NEW HAMPSHIRE

v.

## RONALD DONOHUE

March 1, 1985

*Gregory H. Smith*, attorney general (*Amy L. Ignatius*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BROCK, J. The defendant, Ronald Donohue, after a jury trial in Superior Court (*Contas*, J.), was convicted of receiving stolen property. RSA 637:7. The only issue on appeal is whether evidence elicited at trial concerning the facts underlying the defendant's prior

conviction for robbery so prejudiced the defendant as to entitle him to a new trial. For the reasons that follow, we affirm.

On April 29, 1983, Timothy Frazier and his mother, Elva, discovered that their house had been burglarized and that a number of articles such as silver jewelry, watches, jewelry making supplies, and a coin collection were missing. Upon investigation, it appeared that nothing else in the house had been disturbed, and from such selectivity it was assumed that the burglar knew the exact location of all the items that were taken.

On May 3, 1983, the Fraziers, accompanied by two police officers involved in investigating the case, went to East Hartford, Connecticut, in response to a call that certain stolen property had been recovered there. Some of the articles taken from the Fraziers' house were identified, and as a result the defendant was later arrested and charged with receiving stolen property.

At trial, the defendant testified that he believed the stolen items to be the property of Karen Frazier (Timothy's estranged wife) and that she and a John Lucken had asked him to sell the items for them so that they could pay for a trip to Colorado.

On direct examination, the defendant also testified to a prior conviction for robbery. He stated that he had "held up the Walpole Savings Bank . . . with a cigarette lighter. I did not use a real gun. I could have but I did not." On cross-examination, the prosecutor questioned the defendant about other details of that robbery, and the defendant acknowledged that he had driven to the Walpole bank on a motorcycle and had demanded money from a female bank teller. After the prosecutor had asked some nine or ten questions relating to the robbery, defense counsel objected. His objection was sustained, and the trial judge instructed the jury on the limited use to which the evidence of the prior conviction could be put.

The defendant argues that he was irreparably prejudiced by the prosecutor's questions on cross-examination and that even appropriate limiting instructions could not eliminate such prejudice.

██ We have said that where a defendant admits to prior convictions, ". . . care must be taken by the Trial Court that the cross-examination relating to prior convictions is not conducted in such a manner as to cause undue prejudice to the defendant." *State v. Cote*, 108 N.H. 290, 297, 235 A.2d 111, 116 (1967), *cert. denied*, 390 U.S. 1025 (1968). Here, however, the only additional information the prosecutor elicited from the defendant was that he used a motorcycle and that the bank teller was a woman. Since the jury had already learned on direct examination that the defendant had held up the bank, using a cigarette lighter as a gun, the additional facts elicited on cross-examination were innocuous.

Assuming *arguendo* that the evidence about which the defendant complains was inadmissible and that he was in some measure prejudiced, based upon our review of all the evidence and the limiting instructions given by the trial judge, we find beyond a reasonable doubt that the evidence, and any possible prejudice resulting therefrom, did not affect the verdict. *State v. Woodbury,* 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983).

*Affirmed.*

All concurred.