Belknap
No. 96-838

# THE STATE OF NEW HAMPSHIRE

## v.

## GARY PORTER

July 29, 1999

*Philip T. McLaughlin,* attorney general (*Mark S. Zuckerman,* senior assistant attorney general, on the brief and orally), for the State.

*Gary Apfel,* assistant appellate defender, of Orford, by brief and orally, for the defendant.

HORTON, J. After a jury trial in the Superior Court (*Smukler,* J.), the defendant, Gary Porter, was convicted of kidnapping, *see* RSA 633:1, I (1996), and aggravated felonious sexual assault, *see* RSA 632-A:2, I(a) (1996). The court sentenced the defendant to extended terms of incarceration based on his prior convictions. *See* RSA 651:6, I(c) (1996) (amended 1998). We affirm the defendant's convictions but vacate his sentences and remand for resentencing.

The evidence presented at trial would support the following factual findings. The defendant and the victim met in September 1995, and soon thereafter began living together in the defendant's home. Although the relationship gradually deteriorated, the couple continued to live together. On November 27, 1995, the victim met the defendant at a social club in Laconia, where they consumed alcohol and discussed their relationship. The defendant subsequently took the victim to his home. The defendant left to give a ride to a friend, and the victim consumed additional alcohol. The defendant returned in an angry mood, physically assaulted the victim, dragged her into his bedroom, and forcibly raped her. The defendant held the victim captive in his bedroom and attempted, unsuccessfully, to commit suicide. The victim escaped after the defendant became incapacitated.

The defendant was later arrested and charged with aggravated felonious sexual assault, *see* RSA 632-A:2, I(a), kidnapping, *see* RSA 633:1, I, and attempted escape, *see* RSA 629:1 (1996); RSA 642:6 (1996). After a fifteen-day trial, at which the defendant represented himself, the jury convicted the defendant on all but the attempted escape charge, and the court imposed extended sentences. *See* RSA 651:6, I(c). This appeal followed.

On appeal, the defendant argues that the trial court erred in: (1) excluding evidence of the victim's character; (2) declining to review *in camera* the victim's substance abuse evaluation; (3) imposing a

notice requirement for the admission of alleged prior false allegations of sexual assault; (4) denying him an opportunity to recall a witness; (5) consolidating the charges; (6) permitting the State to cross-examine him concerning facts underlying prior convictions; (7) failing to dismiss alternative kidnapping indictments; and (8) imposing extended terms of incarceration. The defendant also argues that the prosecutor violated his right to due process during closing arguments by repeatedly disparaging the manner in which he conducted his defense.

We turn first to the defendant's argument that the trial court erred in excluding evidence of the victim's character. We will not disturb a ruling on the admissibility of evidence absent an abuse of discretion. *State v. Patten*, 137 N.H. 627, 629, 631 A.2d 921, 922 (1993).

The defendant alleged that the victim fabricated the charges against him due to her alleged mental instability, alcoholism, jealousy, and possessiveness. In response to a motion *in limine* filed by the State, the defendant argued that he would prove through extrinsic evidence that the victim was a mentally unstable alcoholic. The defendant also argued that extrinsic evidence of the victim's alleged prior accusation of rape against a former boyfriend should be admitted under New Hampshire Rule of Evidence 404(a)(2). The court ruled that the defendant could not admit evidence of the victim's alcoholism, conviction of driving while intoxicated, or her participation in a "multiple offender program" because the defendant failed to demonstrate a nexus between the victim's alleged alcoholism and mental instability and her ability to testify truthfully. *See* N.H. R. EV. 404(a)(2), 608. The court further ruled that the defendant could cross-examine the victim about the alleged prior rape accusation, but could not introduce evidence of specific instances of conduct for impeachment purposes.

■ The defendant contends that the trial court erred in failing to admit extrinsic evidence of the victim's character under Rule 404(a)(2). Even assuming that Rule 404(a)(2) applies to evidence of a victim's credibility, *but see* N.H. R. EV. 608, we agree that the defendant failed to demonstrate a nexus between the victim's alleged traits of mental instability and alcoholism and her ability to testify truthfully concerning the charges. Because the evidence was thus not shown to be "pertinent," it was properly excluded from evidence by the trial court. *See* N.H. R. EV. 404(a)(2).

■ With respect to the victim's alleged prior accusation of sexual assault against a former boyfriend, assuming such evidence

was pertinent, we note that proof of specific instances of a victim's conduct is admissible under Rule 404(a)(2) only when the victim's character or trait of character is an essential element of a charge, claim, or defense. *See* N.H. R. EV. 405(b); *State v. Newell*, 141 N.H. 199, 201-02, 679 A.2d 1142, 1144-45 (1996); *State v. Graf*, 143 N.H. 294, 297, 726 A.2d 1270, 1275 (1999). The victim's character was not an essential element of a substantive offense or defense in this case, and therefore proof of specific instances of the victim's character was not admissible. *See* N.H. R. EV. 405(b).

The defendant next argues that the trial court erred in refusing to conduct an *in camera* review of the victim's substance abuse evaluation to determine if it contained material helpful to his defense. From the evaluation, the defendant sought to obtain evidence to substantiate his assertion that the victim's "claims were the work product of a diseased mind, further weakened by chronic alcohol abuse." On appeal, the defendant also argues that the evaluation showed that the victim had admitted accusing a former boyfriend of sexual assault.

██ A defendant is entitled to an *in camera* review of confidential or privileged records if the defendant establishes a reasonable probability that the records contain information relevant and material to his defense. *State v. Gagne*, 136 N.H. 101, 105, 612 A.2d 899, 901 (1992). "The defendant must meaningfully articulate how the information sought is relevant and material to his defense." *State v. Graham*, 142 N.H. 357, 363, 702 A.2d 322, 325 (1997). A defendant "must present a plausible theory of relevance and materiality sufficient to justify review." *Id.* The defendant, however, need not prove that the theory is true. *Id.* at 363, 702 A.2d at 326. "At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought." *Id.* (quotation omitted).

██ Prior to trial, the defendant argued in several motions that the evaluation might contain (1) information indicating that the victim was a mentally unstable alcoholic, and (2) a recommendation that she obtain substance abuse and psychological counseling. His assertions were based on his alleged personal observation of the evaluation. The only specific theory of materiality articulated by the defendant, however, was that the victim's intoxication on the night of the sexual assault was contrary to any recommendations in the evaluation for her recovery, and that such conduct reflected poorly on her credibility. The trial court refused to conduct an *in camera*

review because the defendant failed to demonstrate a reasonable probability that the records sought contained evidence relevant and material to his defense. Since the victim's alleged emotional instability, alcoholism, and failure to follow' treatment recommendations had no bearing on her character for truthfulness at trial, we agree with the trial court's conclusion.

The defendant further argues that the evaluation should have been reviewed *in camera* because it allegedly revealed an admission by the victim that she had accused a former boyfriend of sexual assault. The defendant argued to the trial court that "the alleged victim in the past has used this alleged incident of rape assault in the termination of [a] prior relationship." The defendant, however, did not argue to the trial court that this prior allegation of sexual assault was mentioned in the substance abuse evaluation. The defendant represented to the trial court that he found out about this alleged prior accusation through "investigations," and not from having observed the evaluation. Furthermore, in the context of seeking *in camera* review of the evaluation, the defendant did not argue that the prior accusation was in fact false and material to his defense. The defendant, therefore, did not demonstrate to the trial court that an *in camera* review of the victim's substance abuse evaluation was warranted. *See State v. Taylor*, 139 N.H. 96, 98-99, 649 A.2d 375, 376 (1994).

■ The transcript indicates that the defendant did argue to the trial court that the victim's alleged prior accusations of sexual assault against a minister and friend of her father were contained in the substance abuse evaluation. The defendant, however, failed to argue that these alleged prior accusations were material to his defense, *e.g.*, by asserting in the context of seeking *in camera* review that the prior accusations were in fact false and probative of the untruthfulness of the allegations against him.

■ Next, the defendant argues that the trial court erred in precluding him from cross-examining the victim regarding her alleged prior accusations of sexual assault against a minister and friend of her father. A review of the portion of the transcript the defendant cites to demonstrate preservation of the issue, *see* SUP. CT. R. 16(3)(b), leads us to conclude that the defendant did not object to the trial court's ruling, but rather acquiesced to it. Because the defendant did not object to the ruling, we will not review it on appeal. *See State v. McAdams*, 134 N.H. 445, 447, 594 A.2d 1273, 1273 (1991). We see no reason to depart from the general principle that the rules of preservation are not relaxed for a *pro se*

defendant. *See State v. Brodowski*, 135 N.H. 197, 200, 600 A.2d 925, 926 (1991).

The defendant next argues that the trial court denied him a fair trial by consolidating the sexual assault, kidnapping, and escape charges. He argues that because it was important that he testify concerning the escape charge but not the other charges, the trial court's consolidation was erroneous. A decision to consolidate charges will not be reversed absent an abuse of discretion. *See State v. Bergmann*, 135 N.H. 97, 101, 599 A.2d 502, 505 (1991). The defendant must make a convincing showing that he had important testimony to provide in relation to one count and a strong need to remain silent on the others. *State v. Summers*, 142 N.H. 429, 433, 702 A.2d 819, 822 (1997). The defendant must present sufficient information "to satisfy the [trial] court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *Id.* at 434, 702 A.2d at 822 (quotation omitted).

The defendant's argument fails because he presented no information demonstrating a strong need to refrain from testifying on the kidnapping and sexual assault charges. Indeed, he did not even *claim* a strong need to remain silent on those charges. We decline to consider the defendant's briefed argument relating to this prong because it was first articulated on appeal. *See id.* Accordingly, the defendant has not shown an abuse of discretion.

The defendant also argues that the trial court erred in permitting the prosecutor to inquire into underlying facts of prior criminal convictions that had been admitted for impeachment purposes. The court permitted the prosecutor to introduce evidence of the defendant's prior convictions in Massachusetts for larceny, breaking and entering, and unauthorized use of an automobile. As to the larceny conviction, the State elicited testimony from the defendant that he had stolen stereo equipment and a video tape recorder with a value of more than $250 from Sharon Fineberg. The State also adduced evidence that one of the breaking and entering convictions involved the defendant's breaking and entering a building, ship, or vessel of Sharon Fineberg with the intent to commit a felony. Finally, with respect to the conviction for unauthorized use of an automobile, the State elicited testimony confirming that the conviction involved the property of Alan Locke.

Although a defendant's prior convictions may be admissible under New Hampshire Rule of Evidence 609, we have stated that

"care must be taken by the Trial Court that the cross-examination relating to prior convictions is not conducted in such a manner as to cause undue prejudice to the defendant." *State v. Cote*, 108 N.H. 290, 297, 235 A.2d 111, 116 (1967), *cert. denied*, 390 U.S. 1025 (1968). The defendant argues that only the bare facts of the conviction and disposition are admissible under Rule 609. *See* 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609.05 (J. McLaughlin ed., 2d ed., 1999). We need not address this argument, however, because the additional information that was admitted relating to the defendant's prior convictions was innocuous. *Cf. State v. Donohue*, 126 N.H. 182, 183, 489 A.2d 139, 140 (1985). Furthermore, the trial court twice gave an appropriate limiting instruction concerning the evidence. Lastly, the defendant has not demonstrated how the facts elicited at trial prejudiced his case.

Finally, we turn to the defendant's assertion that the trial court erred in sentencing him to extended terms under RSA 651:6, (I)(c) when it based the enhancement upon previously served concurrent sentences. The State agrees with this position and concedes that the defendant's sentences should be vacated. In light of this concession, on the record before us in this case, we need not reach the merits of the defendant's argument. We vacate the defendant's sentences and remand for resentencing.

We decline to address the defendant's remaining arguments because they are either meritless, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993), or were not properly preserved for appellate review, *see State v. Colbert*, 139 N.H. 367, 370, 654 A.2d 963, 965-66 (1995) (issues raised in notice of appeal but not briefed are waived); *State v. Ryan*, 135 N.H. 587, 588, 607 A.2d 954, 955 (1992) (preservation of issue for appeal requires contemporaneous and specific objection).

*Convictions affirmed; sentences vacated; remanded for resentencing.*

All concurred.