Belknap
No. 2000-164

THE STATE OF NEW HAMPSHIRE

v.

GARY M. PORTER

Submitted: March 8, 2002
Opinion Issued: April 2, 2002

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, assistant attorney general, on the brief), for the State.

*David M. Rothstein*, chief appellate defender, of Concord, by brief, for the defendant.

Gary M. Porter, by brief, *pro se*.

### MEMORANDUM OPINION

BROCK, C.J. The defendant, Gary Porter, appeals orders of the Superior Court (*Perkins*, J.) denying his *pro se* motions. We affirm.

The defendant was convicted by a jury of aggravated felonious sexual assault and kidnapping. *See* RSA 632-A:2, I(a) (1996); RSA 633:1, I (1996). We affirmed his convictions in *State v. Porter*, 144 N.H. 96 (1999), but remanded to superior court for resentencing. *Id.* at 97, 102.

On remand, although the defendant was represented by counsel, he sought to vacate his sentence, secure a new trial, dismiss the kidnapping indictments, and set aside the jury verdicts through a series of *pro se* motions. The trial court declined to address the merits of these *pro se* motions because the defendant was represented by counsel. The court rejected the motions "without prejudice to the defendant's ability to file such Motions or other posttrial [*sic*] motions as appropriate through counsel," stating that if the motions were presented by defense counsel, the court would address their merits.

■ The trial court's decision not to rule upon the merits of the defendant's *pro se* motions was a sustainable exercise of its discretion. *See State v. Lambert*, 147 N.H. 295, 296 (2001). "The New Hampshire and Federal Constitutions guarantee a defendant facing criminal prosecution both the right to counsel and the right to proceed *pro se*. Yet these entitlements are antithetical, and the exercise of one right nullifies the other." *State v. Panzera*, 139 N.H. 235, 237-38 (1994) (citations omitted). On remand, the defendant elected to be represented by counsel. Thus, the court's denial of his *pro se* motions, without prejudice to their being submitted by his counsel, was sustainable on the record.

Having concluded that the trial court's decision was appropriate, we decline to address the merits of the defendant's various *pro se* motions for the first time on appeal.

*Affirmed.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred.