# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0101, <u>State of New Hampshire v. Fuad Ndibalema</u>, the court on January 26, 2018, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Fuad Ndibalema, appeals his convictions, following bench trials in Circuit Court (<u>Cardello</u>, J.), on charges of speeding, <u>see</u> RSA 265:60 (Supp. 2017), operating after suspension, <u>see</u> RSA 263:64 (2014), and criminal trespass, <u>see</u> RSA 635:2, III(b)(2) (2016). We construe his brief to argue that: (1) the evidence was insufficient to convict him of any of the charges; (2) he was subjected to double jeopardy when the trial court reduced the operating after suspension charge from a second offense, which is a misdemeanor, <u>see</u> RSA 263:64, VI, to a first offense, which is a violation, <u>see</u> RSA 263:64, VII; (3) the police officers' testimony was "contrary to [the] . . . complaint or otherwise generally recited evidence"; (4) he was deprived of his motor vehicle and the trial court misapplied "the proper law and procedure" all in violation of the Federal and New Hampshire Constitutions; and (5) "prejudicial information was improperly brought to the [trial court's] attention who [in] . . . turn validated [a] . . . premature order."

The record does not reflect that the defendant raised any of these issues before the trial court. Generally, we do not consider issues raised on appeal that were not presented in the trial court. <u>State v. Brum</u>, 155 N.H. 408, 417 (2007). <u>But</u> <u>see</u> <u>Sup.Ct. R.</u> 16-A (plain error rule). The preservation requirement recognizes that, ordinarily, trial courts should have an opportunity to rule upon issues and to correct errors before they are presented to the appellate court. <u>Brum</u>, 155 N.H. at 417. These rules are not relaxed for self-represented parties. <u>State v. Porter</u>, 144 N.H. 96, 100-01 (1999).

In this case, given that the trial court was not afforded the opportunity to consider the issues on appeal, we decline to address them. <u>See</u> <u>Brum</u>, 155 N.H. at 417. We also decline to consider the issues under the plain error rule because

the defendant does not invoke this rule and, after reviewing the record, we see no error, plain or otherwise.  See Sup.Ct. R. 16-A.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**