# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0063, <u>State of New Hampshire v. Ronald Martin</u>, the court on September 14, 2018, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Ronald Martin, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) denying his motion to vacate his sentences and to re-sentence him. We construe his brief to argue that: (1) RSA 651-A:6, II (repealed 2008) applied to an inmate's eligibility for parole, and not to the duration of parole; (2) "[t]here is no common law authority for . . . consecutive sentences, making [his] sentences illegal"; (3) his due process rights were violated because he had no notice at the time of his offenses that he could be subjected to consecutive sentences; (4) he was denied access to the courts; (5) "RSA 651-A:6, II is constitutionally still in effect"; (6) parole into a consecutive sentence is "unconstitutional and illegal" and the Adult Parole Board (APB) lacks the authority to do so; (7) <u>Petition of Warden (State v. Roberts)</u>, 168 N.H. 9 (2015), <u>Duquette v. Warden, N.H. State Prison</u>, 154 N.H. 737 (2007), and <u>Blackstock v. Executive Assistant, Adult Parole Board</u>, Case No. 2014-0720, 2016 WL 4103620 (N.H. June 9, 2016) are unconstitutional and lack "precedential value"; and (8) he "received ineffective assistance of counsel during the sentencing phase of [his] conviction." We assume, without deciding, that these claims are ripe.

We will not review any issue that the defendant did not raise before the trial court. <u>State v. Wilson</u>, 169 N.H. 755, 768 (2017). This preservation requirement, expressed in both our case law and Supreme Court Rule 16(3)(b), reflects the general policy that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court. <u>Id.</u> To satisfy this preservation requirement, any issues that could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>Super. Ct. Crim. R.</u> 43(a); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). It is the defendant's burden to provide a record on appeal that sufficiently shows that he preserved each argument he is raising. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). These rules are not relaxed for a self-represented party. <u>State v. Porter</u>, 144 N.H. 96, 100-01 (1999).

In this case, the defendant has failed to supply any pleadings to show the arguments he made in the trial court. He states that the trial court's order shows

that he "raised the issue regarding RSA 651-A:6, II." The trial court correctly observed that we rejected the defendant's interpretation of RSA 651-A:6, II in Blackstock. Although Blackstock is not precedential, we agree with its reasoning, and, thus, with the trial court's determination that RSA 651-A:6, II "was meant to calculate the duration of an inmate's parole upon release, not to establish a minimum parole eligibility date." To the extent that the defendant argues that Blackstock is inapplicable because it addresses the 1991 amendment to RSA 651-A:6, II, we agree with the trial court that the 1991 version of the statute did not vary from the 1983 version in any way that is material to this case.

The trial court also addressed the defendant's argument that "his consecutive sentences are unlawful" and that the APB lacks authority to parole a prisoner into a consecutive sentence. "[A]bsent statutory dictates to the contrary, courts have the common law authority to impose consecutive sentences." Duquette, 154 N.H. at 742. Furthermore, in Petition of Warden we held that the APB has the authority to parole a prisoner into a consecutive sentence. Petition of Warden, 168 N.H. at 16. To the extent that the defendant asks us to overrule Duquette or Petition of Warden or argues that those cases were wrongly decided, he has not addressed the factors relevant to whether settled case law should be reexamined. See State v. Cora, 170 N.H. 186, 192 (2017) (setting forth stare decisis factors). Accordingly, we decline the defendant's invitation to reexamine these cases. See Ford v. N.H. Dep't of Transp., 163 N.H. 284, 290 (2012) (declining to overrule prior decision when appellant had not briefed stare decisis factors).

Because we cannot determine what other arguments the defendant may have made in the trial court that the trial court did not specifically address in its order, we decline to address the remaining arguments in his brief. See Wilson, 169 N.H. at 768.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**