# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2018-0276, <u>In re Estate of John Edwin Harrica</u>, the court on April 1, 2019, issued the following order:

The petitioner's motion to allow her to file affidavits and incorporate them into her reply brief is denied. On appeal, we consider only evidence and documents presented to the trial court. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13. Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Antonia Dawson, appeals the order of the Circuit Court (<u>Weaver</u>, J.) denying her petition for an order declaring her to be the common law spouse of the decedent, John Edward Harrica. <u>See</u> RSA 457:39 (2018) ("Persons cohabiting and acknowledging each other as husband and wife, and generally reputed to be such, for the period of 3 years, and until the decease of one of them, shall thereafter be deemed to have been legally married."). The petitioner argues that the trial court erred in denying her motion to continue the hearing on her petition so that she could introduce documentary evidence and call witnesses whose testimony would assist her in proving her case.

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues in the trial court. <u>Id</u>.; <u>see</u> <u>also</u> <u>State v. Porter</u>, 144 N.H. 96, 100-01 (1999) (rules of preservation are not relaxed for self-represented parties). Here, the record fails to show that the petitioner requested a continuance in the trial court. Nor does the record show that she objected to the introduction of the opposing parties' evidence, or that the matter had been scheduled for a non-evidentiary hearing. Accordingly, we find no error. <u>See</u> <u>Bean</u>, 151 N.H. at 250-51.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
