# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0189, <u>State of New Hampshire v. Stephen Bassett</u>, the court on February 16, 2021, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).

The defendant, Stephen Bassett, appeals his conviction for class B misdemeanor trespass.  <u>See</u> RSA 635:2 (2016).  He argues that the Trial Court (<u>LeFrancois</u>, J.) erred by: (1) not allowing his expert adequate time to prepare his report; (2) denying his motion to call the register of deeds as a rebuttal witness; (3) failing to act "on a motion to Preclude Hearsay Testimony"; (4) denying his motion to reconsider its earlier ruling denying his motion to call a rebuttal witness; and (5) failing to consider testimony as to whether he believed that he was licensed or privileged to enter the property.  He also challenges the sufficiency of the evidence and contends that the trial court should consider revoking the site plan approval for the subject property.  We affirm.

The following evidence was presented to the trial court.  In the summer of 2018, the owner of private property (Property) in Fremont filed a criminal trespass letter with the Fremont Police Department indicating that the defendant was not welcome on the Property.  In September 2018, the Chief of the Fremont Police Department met with the defendant and advised him that: (1) the owner did not want the defendant on the Property; (2) this was an official first warning; and (3) "if he was to go back again, he'd be subject to arrest for criminal trespassing." The defendant was arrested in December 2018 after he drove his vehicle onto the Property and blocked access by an employee to the quarry located thereon.  The trial court held a two-day bench trial at which the defendant argued that his family had a right-of-way across the Property that it had used for over 80 years to access its property.  Following trial, the court found the defendant guilty of class B misdemeanor trespass.

We begin by setting forth our rules of appellate review.  To preserve an issue for review before this court, the defendant, as the appealing party, must demonstrate that he raised the issue before the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  These rules apply to all parties, including those who are self-represented.  <u>State v. Porter</u>, 144 N.H. 96, 100-01 (1999).  A list of challenges to adverse rulings by the trial court without

developed legal argument is insufficient to permit judicial review.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

With these principles in mind, we turn to the issues raised by the defendant.  The defendant's brief contains a list of questions captioned "Questions Presented for Review."  The argument which follows begins with a numbered list of 12 statements.  The first statement provides: "The Police never read the Defendant his rights and then used his answers to their questions against him in court."  We have reviewed the record before us and find no indication that the defendant raised the issue before the trial court.  In the absence of both a developed factual record and legal argument, we are unable to review this issue.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. at 250.

We answer in the negative the defendant's sixth question: "Should the Court consider revoking the Site Plan Approval for the Rislove property because the approval as it stands now results in the Town creating 10 or more landlocked parcels of land contrary to NH Law?"  As the State observes, this issue was not raised at trial; accordingly, the appellate record before us contains no factual findings by the trial court.  More importantly, any challenge to the site plan approval would involve different parties who would be entitled to present their case to the trial court, a civil matter governed by the process established by the legislature and our case law.

We next consider the issues presented by the defendant that he argues arose in the course of trial.  The defendant contends that the trial court erred in refusing to give him additional time to submit the report of his expert.  The record provides the following timeline: (1) the defendant was arrested on December 7, 2018; (2) in a pretrial scheduling order, the court set October 4, 2019 as the deadline for him to submit his expert report; and (3) after listening to preliminary testimony by the defendant's expert on October 24, 2019, the first day of trial, the court concluded that the defendant had failed to provide the report required by its pretrial order.  Nevertheless, the court extended its earlier deadline and ruled that, if the defendant wished to call his expert to testify, a written report, along with any supporting documentation that had not already been provided to the State, must be provided to the State 30 days prior to the second day of trial.   The second day of trial was scheduled for January 13, 2020; the defendant did not submit his expert report until January 10, 2020.  Despite his noncompliance with both earlier deadlines, the trial court allowed the defendant's expert to testify and admitted a report prepared by the expert.  Based upon the record before us, we affirm the trial court's rulings with respect to both pretrial discovery and admission of the report.

The defendant's next claims of error challenge the trial court's rulings on his motions to preclude testimony by the arresting officer, to impeach that officer's testimony, and to recall on the second day of trial that officer and the Chief of Police "as more questions are needed of [them]."  The defendant bears

2

the burden of demonstrating that these discretionary rulings were clearly untenable or unreasonable to the prejudice of his case. See State v. Furgal, 164 N.H. 430, 438 (2012). The defendant explained to the trial court that he sought to call the register of deeds as a witness to rebut certain testimony by the arresting officer. The officer had testified about the results of his research when he went to the registry of deeds to determine whether a right-of-way existed across the Property to land owned by the defendant's family.

Based upon the extensive record before us, we conclude that the trial court's rulings are sustainable. The arresting officer offered no legal conclusions about the defendant's asserted right-of-way; rather, he testified that he was unable to find any record of it when he went to the registry to investigate. The trial court also had before it an affidavit from the register averring that she would not express an opinion as to whether property was subject to an easement. Accordingly, to the extent that the defendant filed his motions seeking to rebut any potential inference from the arresting officer's testimony that the register had opined that no easement existed, the trial court had that evidence before it. The trial court explained its ruling: "The issue is whether or not there was a right-of-way found on the records of the Registry, and based on [the defendant's expert]'s testimony [that he had not found a right-of-way of record] today I don't see a basis to call another witness." Moreover, given the testimony of those witnesses who had conducted research into the defendant's asserted right-of-way, including the defendant's expert, that they had been unable to find any record of the defendant's asserted right-of-way over the Property, the defendant has failed to establish that any of the challenged rulings prejudiced him. See id.

We turn to the defendant's challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Vincelette, 172 N.H. 350, 354 (2019). To prevail upon his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id.

"A person is guilty of trespass if, knowing that he is not licensed or privileged to do so, he enters or remains in any place." RSA 635:2 (2016). Criminal trespass is a misdemeanor if the person "knowingly enters or remains . . . [i]n any place in defiance of an order to leave or not to enter which was personally communicated to him by the owner or other authorized person." RSA 635:2, III (b)(2). The evidence in this case included that the defendant was issued a no-trespassing order when he went to the Fremont Police Department

3

in September 2018 and that he drove his vehicle onto the Property on December 7, 2018 and blocked access to the quarry by one of the employees.

Given the extensive record before us, we affirm the defendant's conviction.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**